Morris v. White.

GEORGE A. MORRIS, JR., Appellant, v. N. R. WHITE, Respondent.

St. Louis Court of Appeals, February 13, 1900.

Gaming: MONEY LOST: PROMISSORY NOTE THEREFOR: INNO-CENT HOLDER. A promissory negotiable note given for a gambling debt, although held by an innocent holder by indorsement before maturity, is by reason of sections 3426-3427 of chapter 32, Revised Statutes 1899, not collectible, and the judgment rendered on the pleadings in the cause for defendant by the trial court, was correct.

Appeal from the Audrain Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

AFFIRMED.

*Fry & Clay* for appellant.

(1) Respondent relies on chapter 73 Revised Statutes 1889, to support the action of the court in entering judgment upon his motion. This statute is a special one and for a party to avail himself of it he must bring himself within the provisions thereof by commencing an action or filing his counterclaim for his lost "money or property" within three months from the time his right of action accrued. R. S. 1889, sec. 5211; R. S. 1889, sec. 5217; Conner v. Black, 132 Mo. 150; Williams v. Wall, 60 Mo. 320; Weaver v. Harlan, 48 Mo. App. 325. Section 5211 says, "all judgments by confession, bills, notes, etc., shall be void and may be set aside and vacated by any court of competent jurisdiction upon suit brought for that purpose by the persons so confessing, giving, entering into and executing the same." (2) It is admitted by the pleadings that appellant is an innocent purchaser for value

and before maturity. To overcome this, however, respondent relies on section 5212. This chapter the "Gambling Act" must be construed as a whole. Each section is directly connected with and relates to the other sections. They can not be dissected and each considered separately and without reference to the others or to the intent of the act. Weaver v. Harlow, *supra*; Williams v. Wall, *supra*. (3) The act is in derogation of common law and "an act passed by the legislature in opposition of what would be the common law must be confined strictly within its limits," and this is all the more true in cases of this kind wherein everyday business transactions are effected. Sheobald v. Supreme Lodge, 59 Mo. App. 91.

*R. D. Rogers* for respondent.

(1) The defense to this suit is based upon the provisions of chapter 73, Revised Statutes 1889. The sections of said chapter especially relied upon by respondent are 5211 and 5212, and are as follows: Section 5211: "All judgments by confession, conveyances, bonds, bills, notes and securities, where the consideration is money or property won at any game or gambling device, shall be void, and may be set aside and vacated by any court of competent jurisdiction, upon suit brought for that purpose by the person so confessing, giving, entering into or executing the same, or by his executors or administrators, or by any creditors, heir, devisee, purchaser, or other person interested therein." Section 5212: "The assignment of any bond, bill, note, judgment, conveyance or other security shall not affect the defense of the person executing or confessing the same." (2) Said chapter 73, upon which the defense in this case is based, provides a defense for a party who has executed his note for a gambling debt, and, in addition to providing a defense, it goes further and establishes a cause of action for the party who has lost and parted with his money or

property at gambling. These two remedies, one defensive, the other offensive, are wholly separate and distinct from each other. To sustain the foregoing proposition we deem it unnecessary to call the attention of the court to authority other than Williams v. Wall, 60 Mo. 318, cited by appellant. The court there says: The third section declares void all * * * notes * * * where the consideration is money or property won at any game or gambling device. Provision is also made by that section to vacate such judgments, and to cancel such notes, etc., by proper procedure on the part of the person directly interested, his heirs, legal representatives, creditors, etc. The fourth section prevents the assignment of any bond, bill, judgment, etc., from affecting the defense of any person executing the same.

BOND, J.—On the ninth of February, 1898, defendant executed a negotiable promissory note for $100, payable twelve months from date, with eight per cent interest. The consideration was money lost at play on the date of the note. By successive endorsements the note passed to plaintiff for value before maturity and without knowledge of its consideration. Upon pleadings setting forth these facts the trial judge gave judgment for defendant, and plaintiff appealed.

If the present action had been brought by the original payee of the note there could be no recovery, for the plain reason that the parties to an executory contract, based upon an illegal consideration, who are equally in fault, are debarred from the aid of the courts in enforcing their agreement. That the present note is founded on a violation of law, results from the statute making the playing of any game of chance a misdemeanor. R. S. 1889, sec. 2212. The point for decision is therefore whether this defense, which would have been an insurmountable one to a recovery between the immediate parties to the note, is equally preclusive against a

holder in due course of trade. According to the rules of the *lex mercatoria* governing the rights of an indorsee of negotiable instruments, without notice for value, and before maturity, the plaintiff as such would clearly be entitled to recover. Unless, therefore, the statutes of this state have established a different rule for notes given for gaming debts, the present plaintiff is entitled to a judgment. The legislative will as to gambling is not only expressed in the gambling statute above referred to, but it is further voiced in chapter 32 of the Revised Statutes 1899. That chapter has a double object. First, it empowers any person who has lost any money or property upon a game of chance within three months thereafter, to sue for and recover the same by civil action, and extends this remedy to his privies in blood or estate. Its second object is expressed in the following provision: "Assignment of any bond, bill, note, judgment, conveyance or other security, shall not affect the defense of the person executing or confessing the same." R. S. 1899, sec. 3427. The first intent of the chapter under consideration is subserved by taking away the application of the universal legal maxim *in pari delicto potior est conditio defendantis* from the payment of gaming losses; or in other words, affording the active aid of the court in restoring to a party money or property which he has paid in the consummation of an illegal transaction of this particular species. The second intent of the statute is effectuated by extending the "defense" which one party to an executory illegal contract possesses at all times to its enforcement by the other, so as to make such defense equally available against the enforcement of the contract after its assignment to third parties. To this extent the legislature saw proper to except negotiable notes given for gambling losses from the operation of general mercantile law, the constant aim of which is to preserve the rights of innocent holders of negotiable instruments against any infirmities

which might affect paper in the hands of the original parties to it. The purpose of the statute thus expressed in the section above quoted being plain and unmistakable, and the legislature having full constitutional power to enact it, it becomes our duty to apply its terms to the issue presented by this appeal. We accordingly hold that the learned trial judge did not err in rendering judgment on the pleadings in this case in favor of defendant. The judgment is therefore affirmed. All concur.